*1084 Becker, J.,
with whom Douglas, J., agrees, concurring in part and dissenting in part:
Although I agree with the majority’s decision to uphold Bejarano’s death sentence, I respectfully disagree with the majority’s conclusion that McConnell v. State[1] set forth a new substantive rule that requires complete retroactive application. Rather, I conclude that McConnell set forth a new rule of procedure that, except in one limited instance, warrants no application to death row inmates whose convictions and sentences have become final.[2]
As the majority explains, the United States Supreme Court recognized in Schriro v. Summerlin that substantive rules include “decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State’s power to punish.”[3] In my view, McConnell neither narrowed the scope of Nevada’s statutes criminalizing first-degree murder nor placed any person or type of conduct previously covered by these statutes beyond the State’s power to constitutionally punish. I would hold that with one exception, the State may still pursue a death sentence against a first-degree murderer under McConnell as long as the murder is aggravated by at least one statutory circumstance under NRS 200.033.
More specifically, I conclude that the only circumstance in which the rule in McConnell must be applied retroactively is when the State asserts criminal liability and obtains a conviction solely upon a theory of first-degree felony murder and the only aggravated alleged and found by the jury are based upon one or more of the felonies that support the jury’s finding of guilt. Except in this one limited instance, which as I will explain is best viewed as an exception to the nonretroactivity of new procedural rules, McConnell cannot be fairly viewed as having substantively altered Nevada law or impeded the State’s ability to pursue a death sentence against those who commit first-degree murder. McConnell merely dictated a new manner by which the State may achieve this end. I therefore disagree with the majority’s holding that McConnell set forth a new substantive rule.
Rather, I conclude that McConnell set forth a new rule of procedure. The Supreme Court has stated that a new rule is procedural if it regulates “the manner of determining the defendant’s culpability.”[4] Here, McConnell did just that by prohibiting the State from *1085 pursuing an aggravating circumstance in support of a death sentence when that circumstance arises from the same felony used to convict the defendant of first-degree felony murder.[5] By doing so, McConnell altered the manner, i.e., the procedure, by which the State may pursue a death sentence.
Pertinent language in McConnell supports this conclusion:
We advise the State, therefore, that if it charges alternative theories of first-degree murder intending to seek a death sentence, jurors in the guilt phase should receive a special verdict form that allows them to indicate whether they find first-degree murder based on deliberation and premeditation, felony murder, or both. Without the return of such a form showing that the jury did not rely on felony murder to find first-degree murder, the State cannot use aggravators based on felonies which could support the felony murder.
We further prohibit the State from selecting among multiple felonies that occur during “an indivisible course of conduct having one principal criminal purpose” and using one to establish felony murder and another to support an aggravating circumstance.[6]
Evident from the above directives to the State, McConnell was intended to govern the manner by which the State “charges” a defendant with first-degree capital murder and “ select[s]” the aggravators it alleges in pursuit of a death sentence. Such charging decisions must occur at the inception of capital criminal proceedings,[7] well before a trial commences,[8] and are fundamentally procedural in nature. McConnell was also intended to govern the manner by which the jury “indicate[s]” its guilt-phase verdict by requiring it to return “a special verdict form” under certain circumstances. Requiring jurors to use a special form, like regulating the State’s charging decisions, concerns a purely procedural aspect of a capital prosecution. For these reasons, I conclude that McConnell squarely displays the characteristics of a new procedural rule and generally warrants no retroactive application.[9]
*1086 I will briefly address the two instances under Colwell v. State[10] when new procedural rules do retroactively apply. The first instance is when the new rule is not procedural at all — it is substantive.[11] Because, as I explained above, McConnell is procedural, by definition it cannot be substantive.[12] The second instance is when “the likelihood of an accurate conviction is seriously diminished” absent the new procedural rule.[13] As noted, the McConnell rule satisfies this criterion in only one instance: When the only theory supporting the jury’s finding of guilt of first-degree murder is a felony-murder theory and the only aggra-vators found by the penalty jury are based on the same felony or felonies supporting the finding of guilt. In such a case, the likelihood of accuracy would be seriously diminished because under McConnell the defendant is not death eligible. I would apply McConnell retroactively in this one instance, even when the case is final. Otherwise, I.conclude that McConnell warrants prospective application only.
For these reasons, I concur in part and dissent in part from the majority opinion.

 120 Nev. 1043, 102 P.3d 606 (2004), reh’g denied, 121 Nev. 25, 107 P.3d 1287 (2005).

 See Colwell v. State, 118 Nev. 807, 821, 59 P.3d 463, 472 (2002).

 542 U.S. 348, 351-52 (2004) (citation omitted).

 Id. at 353.

 See McConnell, 120 Nev. at 1069, 102 P.3d at 624.

 Id. at 1069-70, 102 P.3d at 624-25 (emphasis added and footnote omitted).

 See SCR 250(4)(c) (“No later than 30 days after the filing of an information or indictment, the state must file in the district court a notice of intent to seek the death penalty.”); SCR 250(4)(f) (“The state must file with the district court a notice of evidence in aggravation no later than 15 days before trial is to commence.”).

 See SCR 250(4)(d) (“The court shall not permit the filing of an initial notice of intent to seek the death penalty later than 30 days before trial is set to commence.”).

 See Colwell, 118 Nev. at 821, 59 P.3d at 472; see also Schriro, 542 U.S. at 352.

 118 Nev. at 821, 59 P.3d at 472.

 See id. at 817, 59 P.3d at 470.

 See Schriro, 542 U.S. at 351-52 & 352 n.4.

 Colwell, 118 Nev. at 821, 59 P.3d at 472.